IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CSX TRANSPORTATION, INC.,**  Plaintiff | : : : | **CIVIL ACTION** |
| vs. | : : : | **NO. 14-1994** |
| **MEGATRUX TRANSPORTATION,**  Defendant | : : | |

**O R D E R**

**AND NOW,** this   16th   day of June, 2015, upon consideration of the plaintiff's motion for default judgment (Document #7), I make the following findings:

1.      The complaint in the above-captioned case was filed against Megatrux Transportation, Inc., on April 4, 2014.  See Document #1.

2.      A Summons was returned and filed on April 25, 2014, indicating that service had been accepted by Katherine Williams, R/A, on behalf of Defendant Megatrux Transportation on April 11, 2014.  See Document #3.  Federal Rule of Civil Procedure 12(a)(1)(A)(i) required the defendant to file a responsive pleading with the court within twenty-one days after being served with the summons and complaint, i.e., May 1, 2014.

3.      The defendant has not responded to the complaint, and counsel has not entered an appearance on the defendant's behalf.  Further, the defendant has not sought additional time within which to respond.

4.      On May 12, 2014, the plaintiff requested the Clerk of Court to enter a default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) for failure

to respond to the complaint.  See Document #4.  The Clerk of Court entered such a default on the same day.

5. The plaintiff has filed a motion for default judgment against the defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  See Document #7.

6. On June 1, 2015, I ordered the defendant to show cause on or before June 8, 2015, as to why the court should not grant the relief sought in the plaintiff's Motion for Entry of Default Judgment.  See Document #8.

7. As of the date of this Order, the defendants have not responded to the Order to Show Cause.

8. The plaintiff will be prejudiced if the default judgment is denied because it will have no other way to vindicate its claim against the defendant.  It can be inferred by the lack of response from the defendant, that it has no litigable defense to the plaintiff's claim.  Similarly, it is reasonable to conclude that the defendant's failure to respond to any of these filings is due to culpable conduct, as the docket indicates that it was properly served.  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

9. After a review of the complaint, I am satisfied that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1337, which grants district courts original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

10. Based upon the allegations set forth in the complaint which have been treated as admissions of fact by default, the plaintiff has established that the defendant

entered into an agreement with the plaintiff to transport freight via interstate rail; that beginning in October 2013 and continuing through February 2014, the plaintiff transported freight via interstate rail at the defendant's request pursuant to the agreement; that the plaintiff presented the defendant with freight bills and demanded payment of those charges in accordance with the rates set forth in the controlling tariffs and bills of lading; that the defendant incurred a total of $44,849 in rail freight charges, all of which remains due and owing to the plaintiff for the interstate transportation of freight by rail on behalf of MTI; and that despite demand, the defendant has refused to make payment of said charges to the plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for default judgment is GRANTED.

2. Judgment is entered on behalf of Plaintiff CSX Transportation, Inc., and against Defendant Megatrux Transportation, Inc., in the amount of $44,849.

The Clerk of Court is directed to mark this case CLOSED for statistical purposes.

BY THE COURT:

　/s/ Lawrence F. Stengel　　　
LAWRENCE F. STENGEL, J.